STATE OF WEST VIRGINIA

**In Re: S.S.**

**No. 14-0012** (Mercer County 12-JA-124)

FILED

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal by his counsel, Michael P. Cooke, from an order entered December 5, 2013, in the Circuit Court of Mercer County, which terminated his parental rights to three-year-old S.S. The guardian ad litem for the child, Colin Cline, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, William P. Jones, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred when it failed to grant him a dispositional improvement period before terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed an abuse and neglect petition against petitioner. The petition alleged that petitioner had not been consistently involved with S.S. her whole life and failed to financially and emotionally support the child. In February of 2013, petitioner stipulated to neglecting S.S. The circuit court granted him a post-adjudicatory improvement period. Subsequently, the DHHR crafted a family case plan for petitioner to participate in adult life skills, individualized parenting, random drug screens, and a psychological evaluation with a substance abuse assessment. The DHHR's April of 2013 court summary explains that petitioner has tested positive for cocaine, THC, and benzodiazepine. The summary also provides that petitioner had been inconsistent with his visits with S.S., including arriving forty-five minutes late to one visit, and leaving early for another visit after he saw a friend walking across the street. On another occasion, the Bluefield Police Department (BPD) was summoned after Mountaineer Bowling Alley reported that petitioner was publicly intoxicated and that he was talking about committing suicide. Upon the BPD's arrival, petitioner was transported to the hospital.

In October of 2013, the circuit court held a dispositional hearing. Petitioner failed to attend the hearing and his whereabouts were unknown. The circuit court heard evidence of petitioner's noncompliance with his case plan before, during, and after his recent incarceration from May through July of 2013 for driving under the influence, driving on a suspended license, and unlawful use of a vehicle. The evidence further revealed that petitioner tested positive five times each for valium, oxazepam, THC, and cocaine. In December of 2013, the circuit court

entered an order terminating petitioner's parental rights after finding that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future. From this termination order, petitioner now appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court erred when it failed to grant him a dispositional improvement period and terminated his parental rights. Petitioner argues that he should have been afforded the opportunity to further seek and obtain much needed substance abuse treatment and have regular visitation with S.S.

Upon our review of the record, we find no error by the circuit court. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). West Virginia Code § 49-6-12(c) directs that a circuit court has the discretion to grant a six-month improvement period at disposition if the subject parent has filed a written motion for an improvement period, which demonstrates by clear and convincing evidence that he or she is likely to fully participate in the improvement period. In the instant case, it is undisputed that petitioner did not file a written motion for a dispositional improvement period.

Furthermore, even if petitioner had properly filed a motion for a dispositional improvement period, the record does not support his contention that he showed by clear and convincing evidence that he was likely to fully participate. To the contrary, the record indicates that petitioner had difficulty meeting the requirements of his post-adjudicatory improvement period. He continued to test positive for various drugs; was absent and unavailable for several meetings, visitations, and hearings; and failed to submit an application to his case worker for drug treatment. Under West Virginia Code § 49-6-5(b)(3), circumstances in which a parent fails to respond to rehabilitative efforts are considered those in which there is no reasonable likelihood

that the conditions of neglect or abuse can be substantially corrected. The record reveals that, despite opportunities to complete an improvement period, petitioner failed to avail himself of services and treatment. This evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II